ARKANSAS CONSTRUCTION COMPANY V. JULIUS EUGENE.

Decided March 30, 1899.

1.  Pleading Against Two Defendants—Breach of Contract by One.

Allegations to the effect that plaintiff was employed by one of two defendants, that "defendant" agreed to transport him to and from his place of work, and that they had failed to do so, are sufficient to show a contract with and breach of it by the defendant alleged to have made the contract.

2.  Charge of Court—Definition—Request.

The failure of the trial court to define "agency" can not be complained of on appeal where no such instruction was asked

3.  Master and Servant—Quarantine—Defense to be Pleaded.

A servant is not precluded from recovering for loss of time occasioned by the failure of the master to return him to a certain town as it had contracted to do, and by carrying him to another place, because a quarantine had been proclaimed at such town prior to the time when he should have been returned there, where it does not appear that it would have kept him from his home if he had attempted to return on that day, and no such defense was pleaded.

4.  Exemplary Damages Against Corporation.

A corporation is not liable in exemplary damages for an act of its servants or agents which is not shown to be the act of any of its controlling officers or of the corporation itself.

APPEAL from Jefferson.    Tried below before Hon. STEPHEN P. WEST.

*Greer & Greer,* for appellant.

WILLIAMS, ASSOCIATE JUSTICE.—The petition in substance alleged that the defendants, the Arkansas Construction Company and Texarkana & Fort Smith Railway Company, were running their construction cars over said road in Jefferson and Orange counties; that while the work of constructing the road was under the supervision and direction of the construction company, the trains and rolling stock in use over the road in its construction were owned by the railway company and were operated by its servants and agents; that the construction company employed plaintiff at Beaumont to work in the construction of the road at a point in Orange County, and that "defendants" agreed to carry him to such point, in such cars, in the morning and bring him back to his home in Beaumont at night.   It further alleged a breach of such contract by defendants, averring that on the 23d of September, 1897, after getting him upon the train, defendants carried him against his consent and over his protest into Louisiana instead of to Beaumont.   We think this showed not only a contract with appellant, construction company, but a breach of same by it, and that there was no error in overruling the exceptions to the petition.   We are also of the opinion that evidence was admissible, and that admitted was sufficient, to show that construction company employed plaintiff under the contract alleged, and that its servants and agents, acting in the scope of their agency, committed the breach of such contract averred in the petition.

The fact that the railway company owned the cars is not inconsistent

with the allegation that the construction company undertook to transport plaintiff in them. The evidence shows that the construction company was using the cars for such purposes in constructing the road. The plaintiff's own testimony may have been insufficient to show that it was the construction company who employed him and made the agreement with him. The agreement was made with an agent named Sam, and plaintiff seems not to have known who was the principal represented; but the testimony of other witnesses leaves no doubt that such principal was the appellant. The evidence, the admission of which is complained of in the third and fourth assignments of error, was therefore admissible. The instruction complained of in the sixth assignment of error properly submitted to the jury the questions whether or not the evidence showed the contract and the breach thereof as alleged. It did not assume either fact against appellant, but it required a verdict for defendant unless both facts were shown.

The court under the evidence could not properly have directed a verdict for defendant as requested by special charge number 2.

No request for an instruction defining agency appears to have been made, and appellant is not in a position to complain of the failure of the court to give a definition of that term, if there was any occasion for it.

The instruction requested to the effect "that if the work train was prevented from returning to Beaumont on the evening or night of the 23d of September, 1897, by reason of quarantine regulations, the defendant would not be liable for loss of time or injuries sustained by plaintiff by reason of his not being returned to Beaumont," was properly refused. As we understand the evidence, there is none that plaintiff would not have been admitted into Beaumont at the time named had he returned. The facts stated in this instruction would not have justified appellant in carrying him against his will into Louisiana, a much greater distance from his home than the point where he was at work. The facts in regard to the quarantine are very indefinitely stated, but it appears that on the morning of September 24th, after plaintiff had been carried on the night previous to a point in Louisiana about twelve miles beyond the Sabine River, and after appellant's agents had refused to return him upon the train, he undertook to walk back to Beaumont, but was stopped at the State line by State quarantine guards and detained until the 25th, when he was allowed to proceed. When he reached the Neches River near Beaumont he again encountered quarantine officers, but was allowed to proceed home after having been detained only about half an hour. The evidence further shows that quarantine had been proclaimed at Beaumont prior to the 23d, but it does not appear that it was such as would have kept plaintiff from his home had he attempted to return on that day. This, at least, he was prevented from doing by appellant's act in carrying him into Louisiana, much farther away. Besides, there was no plea setting up such defense.

The only error which we find is in the allowance of exemplary damages. The acts which we have stated were all done by servants and agents

of appellant, and no act of itself or any of its officers controlling it is shown; at least the evidence fails to show that any of those who acted occupied any such relation to it as to make it responsible for punitory damages for their conduct. Under the rule in this State, the evidence was not sufficient to warrant such a recovery. Hays v. Railway, 46 Texas, 272. This decision has been closely followed by the Supreme Court since it was rendered.

The judgment will be reversed and the cause remanded unless appellee will, within fifteen days, remit the sum of $100 recovered as exemplary damages, in which event the judgment will be here rendered in his favor for the remainder of the judgments, and costs of appeal will be adjudged against him.

*Reversed and rendered.*