### TEXAS MIDLAND RAILROAD v. A. B. RITCHEY.

Decided February 29, 1908.

**1.—Carrier of Passengers—Alighting from Train—Personal Injury—Evidence —Charge.**

In a suit for damages for personal injuries received by a passenger while alighting from a railroad train, testimony of the injured party that the train started with a "jerk" was sufficient evidence to authorize the trial court to submit the issue as to whether or not the train started "suddenly and unexpectedly."

**2.—Same—"Reasonable Diligence"—Definition.**

The phrase "reasonable diligence" has no such technical meaning as to require a definition thereof by a trial court when used in its charge to the jury.

**3.—Same—Alighting from Moving Train—Negligence—Question of Fact.**

Whether or not a passenger in alighting from a moving railway train acted as an ordinarily prudent person would have done under the same or similar circumstances, is a question of fact for the jury.

**4.—Trial—Suggestion of Counsel to Witness—Harmless Error.**

Where a passenger was injured while alighting from a moving train, the issue being whether or not such passenger had used due diligence in leaving the train, the passenger, in answer to a question as to how long it took her to walk from her seat to the steps of the coach, first answered that it did not take twenty minutes; one of her counsel then suggested to his co-counsel in the hearing of the witness that she be asked if she did not mean twenty seconds. Held, improper conduct on the part of counsel but harmless in view of the conclusive evidence that the train did not stop at the station more than one or two minutes.

**5.—Personal Injuries—Expert Testimony.**

In a suit for damages for personal injuries, testimony of the attending physician concerning an examination made by him to ascertain the extent and character of the injuries, considered, and held not subject to the objection that it was immaterial, irrelevant and too remote.

**6.—Hypothetical Question—Requisites.**

A hypothetical question must be based upon evidence tending to support the facts assumed in the question.

**7.—Evidence of Pain.**

The testimony of a mother as to the condition of her injured daughter three or four days after the injury to the effect that "she was suffering from her back and neck and, well, principally all over," was not subject to the objections that it was a conclusion of the witness, that it was not responsive to the question asked, and that it was too remote.

Appeal from the District Court of Hunt County. Tried below before Hon. R. L. Porter.

*Ogden, Brooks & Napier* and *A. H. Dashiell,* for appellant.— The court erred in submitting to the jury the question as to whether the train started suddenly and unexpectedly or not, and that plaintiff's wife was caused to lose her balance and jump from the steps to the ground, as there was no evidence to support said issue. International & G. N. Ry. v. Gonzales, 42 Texas Civ. App., 22; Texas & Pac. Ry. v. McCoy, 90 Texas, 264; Hopkins v. Burnett, 85 Texas, 20; Edloff v. Mason, 79 Texas, 215; Wooters v. Kaufman, 73 Texas, 395; Patton v. Ruckett, 29 Texas, 402.

It is the duty of a passenger to exercise reasonable and ordinary care for his own safety in boarding or alighting from a train. 4 Elliott on Railroads, 2547; Little Rock & Ft. S. Ry. v. Tankersly, 14 S. W., 1099; St. Louis S. W. Ry. v. Haynes, 86 S. W., 934.

Under the testimony in this case, if the jury found that plaintiff's wife was guilty of negligence in getting off the train in the manner or under the circumstances that she did, in that she did not act as a person of ordinary care and prudence would have acted under similar circumstances then there could be no issue to be submitted to the jury as to whether her act, in so doing, proximately caused or contributed to her injuries, and it was error to submit the issue of proximate cause to the jury. Gulf, C. & S. F. Ry. v.

Rowland, 90 Texas, 365; Culpepper v. International & G. N. Ry. Co., 90 Texas, 627; Texas & Pac. Ry. v. McCoy, 90 Texas, 264; Gulf, C. & S. F. Ry. v. Hill, 29 Texas Civ. App., 12; Ratteree v. Galveston, H. & S. A. Ry., 36 Texas Civ. App., 197.

The defendant having plead that plaintiff's wife was guilty of negligence in jumping off of a moving train, which contributed to her injuries, if any, and there being evidence to prove same, it was error for the court to refuse to submit that issue to the jury. Southern Const. Co. v. Hinkle, 89 S. W., 309; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 152; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 635; Missouri, K. & T. Ry. Co. v. Rogers, 91 Texas, 52.

The court erred in refusing to give to the jury special charge No. eleven, requested by the defendant, which reads as follows:

You are instructed that if you believe from the evidence that the plaintiff knew, or could have known by the exercise of ordinary care, that the customary place of egress from the train in question was at the front end of the car in which plaintiff and wife were riding, and if you believe that the plaintiff knew, or could have known by the exercise of ordinary care, that the defendant provided a safe and convenient means of leaving the train in question, and if you believe that a person of ordinary care and prudence would have chosen to leave the said train at the place provided by the railroad with conveniences, and if you find from the evidence that plaintiff and his wife failed and refused to leave the train at that part provided by the railroad for the safe egress of passengers, and you find the plaintiff did leave the train at the rear end of the coach he and his wife were riding in, where the railroad had provided no conveniences for the egress of passengers, and you find- that by so leaving said train at the place in question the said plaintiff and wife were guilty of negligence and that such negligence caused or contributed to the injury of plaintiff's wife, if any, you will find for defendant. 2 Hutchinson on Carriers (3d ed.), page 1327; 3 Hutchinson on Carriers (3d ed.), page 1395; Missouri, K. & T. Ry. v. Williams, 91 Texas, 255; Ratteree v. G., H. & S. A. Ry. Co., 36 Texas Civ. App., 197.

*J. S. Sherrill* and *B. Q. Evans,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was brought by A. B. Ritchey to recover damages for personal injuries alleged to have been received by his wife, Edna Ritchey, against the Texas Midland Railroad. Plaintiff alleges that on the 16th day of June, 1906, he and his wife and two children were passengers on one of the defendant's passenger trains, traveling from Greenville, Texas, to Cash, Texas, and that when said train reached the town of Cash and stopped for the station he and his wife immediately arose from their seats and went out on the platform preparatory to alighting from said train. Plaintiff alleges that he alighted therefrom with one child, and while his wife was coming down the steps, intending also to alight, and while she was on the steps and in the act of

alighting, the agents and servants of the defendant in charge of said train negligently and carelessly started said train, causing her to fall or jump from the steps of said car, and that in doing so she received serious and permanent injuries for which plaintiff sues.

Plaintiff further alleges that it was the duty of the operatives in charge of said train to have stopped said train at said station of Cash for a reasonably sufficient length of time to allow plaintiff's wife to alight therefrom with reasonable safety, but that they failed to do so, and negligently and carelessly started said train before she had alighted and while she was in the act of so doing, causing her to jump from the car steps to the ground, resulting in the injuries to his wife, for which he sues.

The defendant answers by a general demurrer, general denial, and a plea of contributory negligence, charging that if the plaintiff's wife was injured at the time and place alleged, then such injury was caused or contributed to by the negligence of the plaintiff and his wife, in that they delayed an unreasonable time in alighting from defendant's train after the same had arrived at the station; and that plaintiff and his wife negligently attempted to alight from the rear platform of the car, either while the same was in motion or as the train was about to start after remaining at the station a sufficient length of time to permit all passengers, including plaintiff and his wife, to safely alight, and that they did so negligently attempt to alight from said rear platform of the car without the knowledge of or notice to defendant or its employes, who had placed a stool at the front steps of the car to assist passengers to alight in safety, and that plaintiff and his wife in and while attempting to alight from said rear platform of the car failed to use the care and caution that an ordinarily prudent person would and should have used under the circumstances, and that plaintiff's wife did, as alleged in plaintiff's petition, jump from the step of the car, and that her acts in so doing were negligent and that all of such negligence contributed to her injury, if any.

The trial resulted in a verdict and judgment in favor of the plaintiff for the sum of $2500. An appeal was duly perfected by defendant.

The first assignment of error assails the third paragraph of the court's charge, as follows: "If you find from the evidence that on the 16th day of June, 1906, that plaintiff purchased one ticket each for himself and wife, at Greenville, Texas, over the defendant's road to Cash, Texas, and boarded one of defendant's passenger trains at Greenville, Texas, bound for Cash, and they became and were passengers on said train, and if you further find from the evidence that when the train on which plaintiff and his wife were riding, reached Cash they used reasonable diligence to get off of said train, and if you find that said train did not stop at Cash long enough for plaintiff's wife to have alighted therefrom in safety, and if you further find that while she was endeavoring to alight from said train, if she was, and when she had reached the second step, if she did, you further find the train was started suddenly and unexpectedly, and if by reason thereof you find that she was caused to

jump from said step to the ground and you find that she was thereby injured in any or all of the parts of her body and person as set forth in plaintiff's petition, and if you further find that the agents and servants of defendant in starting said train, if it was, were guilty of negligence, as that term is defined in the first paragraph of this charge, and that such negligence, if any, was the proximate cause of plaintiff's wife's injuries, if any, you will then find for the plaintiff, but unless you so believe you will find for the defendant." The proposition presented is that the court erred in submitting to the jury the question as to whether the train started suddenly and unexpectedly or not, and that plaintiff's wife was caused to lose her balance and jump from the steps to the ground, as there was no evidence to support said issue.

The material issues were, whether the train stopped at Cash a reasonable length of time for plaintiff's wife to alight, and whether she was guilty of negligence in failing to use reasonable diligence to alight, and in alighting at the time and place she did. This paragraph of the charge submitted the issue as to whether the appellant was guilty of negligence in failing to stop the train a reasonable length of time for plaintiff's wife to alight in safety; and the jury was instructed, in effect, that if they found the train did not stop a reasonable length of time for her to alight, and they further found that when she was endeavoring to alight the train "started suddenly and unexpectedly," etc., then they were authorized to find for plaintiff. The particular complaint of this charge is in submitting the issue, whether the train started suddenly and unexpectedly. The testimony was to the effect that the porter of the train announced the station Cash, and as soon as the train came to a standstill appellee and his wife, who were sitting in the rear of the coach, got up and started out, the appellee carrying a child. The appellee got off the train safely and deposited the child upon the platform. The appellee's wife was standing on the platform of the car with a child in her arms; appellee took the child from his wife and sat it down while appellee's wife walked down to the second step when the train moved forward and jerked her backwards. She caught hold of the rail and jumped to keep from falling, causing her to light on her left foot and resulting in the injuries of which she complains. She testified that the train started with a jerk. If the train started with a jerk and while she was on the second step attempting to alight it must have started suddenly and unexpectedly to her, and the court was authorized to submit the issue as to whether it started suddenly and unexpectedly.

Nor was there any necessity, as contended in the second proposition under this assignment, for a charge defining the words "reasonable diligence" as used in the paragraph quoted. The words have no such technical meaning as called for a definition thereof, their meaning, we think, being well understood by the average juryman. Besides, the appellant, if it desired the words defined, should have requested a charge defining the same, which it did not do.

It is contended that there was error in the fifth paragraph of

its charge as follows: "Now, if you find from the evidence that said train was stopped at said station of Cash a reasonable length of time for plaintiff's wife to have alighted from said train with safety, or if you find that plaintiff and his wife, in attempting to leave the car at the place where they did and in the manner they did, did not act as persons of ordinary care and prudence would have acted under the same or similar circumstances, and that such failure to exercise ordinary care, if any, caused or contributed to plaintiff's wife's injuries, if any, then in either event you will find for the defendant." It is insisted that "it is the duty of a passenger to exercise reasonable and ordinary care for his own safety in boarding or alighting from a train," and that there was evidence from which the jury could have found that appellee's wife was guilty of negligence in alighting from the car at the time and place and in the manner she did. The charge of the court was correct and this assignment is overruled.

There was no error in refusing appellant's special charge No. 9. This charge was fairly covered by the court's main charge and two special charges given by the court at the request of appellant. These remarks apply to the refusal of the court to give to the jury appellant's special charge No. 2, complained of in the fifth assignment of error.

The seventh assignment complains of the refusal to give to the jury its special charge No. 5, as follows: "Gentlemen of the jury: If you believe from the evidence that the plaintiff's wife jumped from the step of the car on the occasion in question, she, under all of the circumstances in the case, was guilty of negligence, and that said negligence contributed to the injuries of plaintiff's wife, if any, you will return a verdict for defendant." This charge does not announce a correct proposition of law and for this reason was properly refused. It tells the jury, in effect, that if appellee's wife jumped from the train on the occasion in question she was guilty of negligence as a matter of law. This is not correct. If she jumped from the moving train, then it became a question for the jury to determine whether in doing so she acted as an ordinary prudent person would have done under the same or similar circumstances.

Error is assigned to the action of the court in refusing special charge No. 11. There was no error in refusing this charge. The proposition embraced therein was fairly and fully embraced in appellant's special charges Nos. 3 and 4, which the court gave.

The eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, eighteenth, nineteenth, twentieth, twenty-first, twenty-second and twenty-third assignments complain of the court's action in overruling and in not granting appellant's motion for new trial. The contentions are to the effect that the evidence was not sufficient to justify the verdict as rendered on the several issues submitted in the charge. The evidence was sufficient to show that the train upon which appellee and his wife were passengers did not, on the occasion of the injuries to her, stop at Cash a sufficient length of time to allow appellee's wife to alight from the train in safety;

that such failure constituted negligence on the part of appellant and proximately caused the injuries to appellee's wife, and that the appellee's wife used reasonable diligence in attempting to alight and was not guilty of contributory negligence in the manner in which she attempted to alight and in alighting therefrom; that as a result of her injuries appellee sustained damages in the amount of the verdict.

During the examination of appellee's wife as a witness in her own behalf she was asked:

Q. "What length of time do you think it was, just give your best judgment as to the length of time that it took you to walk from the seat, from the time you got up till you got out to the steps, when they started?" to which she answered, "It didn't take me twenty minutes I don't reckon."

Q. "Twenty minutes, do you know about how long it was?" A. "No, sir."

At this point one of plaintiff's counsel suggested in the presence of the witness, and loud enough to be heard by the witness, that the witness be asked if she did not mean twenty seconds.

Q. "You couldn't undertake, then, to say how long it was that it took you to walk that distance?" A. "About twenty seconds, I reckon."

Q. "Now, then, I will get you to tell the jury what you meant when you said twenty minutes?" A. "I meant seconds."

It was apparent, we think, that the witness did not mean that it took her twenty minutes to walk from her seat to the steps of the coach. The evidence seems conclusive that the train on this occasion did not stop at Cash more than one or two minutes. Such being the state of the evidence, we think counsel had the right to ask the witness what she meant by her answer to his former question. The suggestion of counsel in her hearing as to what she meant was improper, but does not present reversible error.

Error is assigned to the court's action in overruling the exceptions to the answer of plaintiff's witness, Dr. J. C. French. This witness testified to having examined Mrs. Ritchey, the wife of appellee, on September 6, 1906. She sustained the injuries for which appellee sues June 16, 1906. The witness had previously learned a history of her injuries from the patient. Among other things, he testified as follows: "Now, as far as the spinal column is concerned, I found tenderness from the base of the skull clear to the sacrum, the lumbar articulation or junction about even with the hip, and from the top of the sacrum up all the way along there was tenderness, and there was some little wasting away, not swollen, but wasting away, down these little spines that run down, they are just like that, and on each side of them you could trace it very well in her, because she was a rather anaemic woman, or rather thin, and you could trace it very well in her, to be the wasting away of the muscle there from the want of nerve force; they hadn't filled out like they ought to, or plump like a person that was in a good state of health; there was tenderness all the way down the spinal column, but more pronounced at certain points. Now, at the base of the skull, there

where the atlas and axis united, that was very fleshy till I got down to the last cervical vertebra, that one that sticks out a little further than the rest, that appeared to give her a good deal of pain; then she went along very well on the dorsal vertebra till I got to the lower part of the dorsal region, probably the 11th or 10th or 12th dorsal vertebra, it gave her a good deal of pain, and she couldn't stand much at all; and then the lumbar vertebra, down about the fourth or fifth lumbar vertebra, it gave her trouble, and then after I got down to the sacrum it didn't appear to bother her any at all. That is the condition I found her in, and very nervous." He further stated: "That he would press certain places on the woman's spine and if she flinched or complained and her pulse became accelerated, then he knew there was soreness there." The objection to this evidence was that it was immaterial, irrelevant and too remote. The witness was a physician, and about three weeks before making the examination had attended Mrs. Ritchey in confinement. The examination was made to ascertain the extent and character of her injuries. The testimony went to show the condition of Mrs. Ritchey at the time of the examination, and was admissible. Gulf, C. & S. F. Ry. v. Brown, 16 Texas Civ. App., 93; Missouri, K. & T. Ry. v. Wright, 19 Texas Civ. App., 47; Northern Pac. Ry. v. Urlin, 158 U. S., 277; 1 Greenleaf on Ev. (16th ed.), secs. 162a and 162b.

The twenty-sixth, twenty-seventh and twenty-eighth assignments complain of the court's action in overruling appellant's objection to certain questions propounded to the witness, Dr. French. It is insisted that the testimony did not support the facts assumed in the hypothetical question. That there must be evidence tending to support the facts assumed in a hypothetical question is well established. 2 Elliott on Evidence, sec. 1120. The evidence fairly tended to support the facts assumed in the hypothetical question propounded to Dr. French and the objection was properly overruled.

Complaint is made by the twenty-ninth assignment of the admission of the question and answer of the witness, Mrs. Joiner, as follows: "What was the matter with her (plaintiff's wife) when you went to see her, what was her condition, state the facts as to her condition when you went to see her as she appeared and as you know?" The witness answered: "She wrote me a letter and I went straight down to see her after I got the letter from her, and I told you she was suffering from her back and neck and, well, principally all over." The answer was objected to and defendant moved to strike it out because it was a conclusion and not responsive. This motion and exception were overruled and the defendant excepted. The witness was the mother of appellee's wife and the visit to her daughter was some three or four days after her injuries in getting off the train at Cash. The testimony was material and competent. It was not inadmissible as being too remote. The witness did not detail any conversation she had with Mrs. Ritchey, the wife of appellee, but her answer stated her condition as she appeared to the witness. The answer indicated that Mrs. Ritchey

complained to witness of suffering from her back and neck and other parts of her body. The testimony was admissible. Texas Cent. Ry. v. Powell, 38 Texas Civ. App., 157; 1 Greenleaf on Ev., secs. 162a and 162b (16th ed.).

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*

Writ of error refused.