ELLERD v. CAMPFIELD.

(Court of Civil Appeals of Texas. Amarillo. Nov. 22, 1913. On Motion for Rehearing, Dec. 20, 1913.)

1. TRIAL (§ 349*)—SPECIAL ISSUES—DISCRETION OF COURT.

The rule of the Supreme Court for the district and county courts that special issues should be submitted only when the pleadings contain several combinations of fact, each of which constitutes a cause of action or ground of defense, is not a limitation of the power of the court and a definition of the character of the cases which should be submitted to the jury on special issues; but, under the statute, the court, on the request of either party or on its own motion, may submit a case on special issues, and a party complaining must show that he was prejudiced thereby before he can complain.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 590; Dec. Dig. § 349.*]

2. TRIAL (§ 255*)—INSTRUCTIONS—DEFINITION OF TERMS—REQUESTS—NECESSITY.

The failure of the court to define legal phrases in its instructions is not error, unless the party objecting requests a charge defining the terms, and, in the absence of a special request, the failure to define the word "agreement" in an instruction is not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 427, 428; Dec. Dig. § 255.*]

3. APPEAL AND ERROR (§ 1027*)—HARMLESS ERROR—ERRORS NOT AFFECTING RESULT.

Where, in an action on vendor's lien notes, the issue was whether the time for payment had been extended under an agreement be-

tween an agent of plaintiff and defendant, and the jury specifically found that no agreement was made, rulings involving the authority of the agent to make the agreement were immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4033; Dec. Dig. § 1027.*]

On Motion for Rehearing.

4. APPEAL AND ERROR (§ 690*)—QUESTIONS REVIEWABLE—BILL OF EXCEPTIONS.

An assignment of error complaining of the exclusion of evidence, not supported by the bill of exceptions applicable to the assignment, does not raise any question on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2897–2899, 2902–2904, 2906, 2908; Dec. Dig. § 690.*]

Appeal from District Court, Hale County; L. S. Kinder, Judge.

Action by John W. Campfield against John J. Ellerd. From a judgment for plaintiff, defendant appeals. Affirmed, and motion for rehearing overruled.

Madden, Trulove & Kimbrough, of Amarillo, and L. R. Pearson, of Plainview, for appellant. Mathes & Williams and Graham & Graham, all of Plainview, for appellee.

HENDRICKS, J. This suit was filed by the appellee, John W. Campfield, against John J. Ellerd, the appellant, to recover in the trial court on two vendor's lien notes amounting to $1,150 each; also, for the usual attorney's fees and foreclosure of the vendor's lien upon the land and for which the notes were partly given. The appellant, Ellerd, admitted the execution of the notes in question, but specifically alleged that the notes had not matured at the time the suit was instituted, for the reason that an agreement had been made between him and one E. E. Winn, the alleged authorized agent of Campfield, to extend the time of payment of the notes in question until February 9, 1913, and the suit having been instituted prior to that time was premature and should be abated. The court, at the request of the appellee, submitted the case to the jury on special issues, and the first issue tendered by the court was as follows: "Was there an agreement between E. E. Winn and the defendant, John J. Ellerd, by which it was agreed that the payment of the notes in controversy was extended from February 9, 1912, until February 9, 1913"—the court further instructing the jury that, if they gave an affirmative answer to this question, the jury would proceed to answer further questions submitted by him; but, if they answered the first question in the negative, it would not be necessary to answer any subsequent questions embodied in the charge.

[1] The appellant claims that this cause and the issues involved therein should not have been submitted to the jury on special issues, "because the issues of fact and of law involved in this case were not such as could be fairly and legally presented to the

jury upon special issues" submitting a proposition that "the charge of the court should be submitted on special issues only when the pleadings contain several combinations of fact, each of which constitutes a cause of action or ground of defense, and is sufficiently supported by the evidence to require a charge upon which an issue has been formed."

Appellant is attempting to apply rule 61, quoted as above, and promulgated by the Supreme Court of the state for the district and county courts, with reference to charges and instructions by those courts to juries. This rule is not intended as a limitation upon the power of the trial court and a definition of the character of case which should be submitted to the jury upon special issues. It is very plain from our statute that, upon request of any party to the suit, and at the present time, without any request, the court, upon its own motion, may submit the cause in such a manner. The appellant has not suggested in the slightest in what manner he was injured by a submission of this cause upon special issues. In reading the brief proffered in this court for a reversal of the cause, we are unable to find any statement of the evidence of any witness that an agreement of extension in accordance with the defendant's pleadings was ever made; and, again, the court has quite a plenary power in this respect, and, to say the least of it, it would certainly be incumbent upon appellant, in a matter of this kind, to show some deprivation of a legal right or some abuse of discretion, when, under the statute, either party requests such a submission, and the jury is so instructed; and, as a concrete proposition, we take it would be hard to show injury.

[2] Appellant assigns as error the action of the court in submitting to the jury special issue No. 1, which we quoted above, for the reason, as indicated in his proposition, that "it is the province of the court to charge the jury on questions of law involved in the case, and all legal propositions should be defined." And in his argument under this assignment he further says that the court does not undertake to give a legal definition of "agreement," but leaves this question of law entirely to the jury; and that "it is well settled that questions of law, with only a few exceptions, are for the court, and all legal phrases and terms, such as 'agreement,' 'negligence,' etc., should be defined by the court in its charge, and a failure of the court to define legal phrases is error."

Appellant has a misconception of the law upon this subject as applicable to the particular question involved, the authorities cited are not in point, and a failure of the trial court to define legal phrases or give definitions is ordinarily not error unless the party who is objecting in the appellate court to the

omission of the trial court in this respect has himself requested a charge of the lower court desiring a definition of the terms used in the general charge. We think this is well illustrated by the following cases: Arkansas Construction Co. v. Eugene, 20 Tex. Civ. App. 601, 50 S. W. 736; Lagow v. Grover, 77 Tex. 448, 14 S. W. 141; Texas Midland R. Co. v. Ritchey, 49 Tex. Civ. App. 409, 108 S. W. 732; Texas & Pacific R. Co. v. O'Donnell, 58 Tex. 27. The omission of the trial court to define the term "ordinary care" is not affirmative error and cannot be complained of where a special instruction defining them has not been requested. Western Union Telegraph Co. v. James, 31 Tex. Civ. App. 503, 73 S. W. 79, writ of error refused in 97 Tex. 651, 73 S. W. 79, no opinion.

The appellant in this case failed to request any definition of the trial court as to the meaning of the term "agreement," and hence we believe is not in an attitude to complain under the decisions.

[3] The appellant submits other assignments upon other alleged errors of the trial court, which we deem to be entirely immaterial on this appeal for the reason that when the jury specifically answered that there was not any agreement entered into between the agent Winn and the defendant Ellerd, as to the extension of the notes, necessarily the whole defense of the appellant failed.

The succeeding questions, as to whether or not the agent had the authority, or whether it was within the apparent scope of Winn's authority to make the agreement, or whether the court committed error in other portions of the charge, or whether special charges submitted and refused by the trial court upon such questions were error, are clearly unavailing, for if the agreement was not made the predicate of appellant's defense is gone. We are unable to ascertain from appellant's brief, or from the record, that the alleged failure upon the part of the trial court to do certain things complained of, or in doing other things charged as error, affected in any respect the action of the jury in finding that an agreement was not made between Ellerd and the agent Winn; and, again, appellant's assignments, with the statements thereunder, with reference to such other errors charged against the trial court, are quite abstract in their presentation with insufficient statements, and, as stated above, without even a presentation to this court of any testimony of any witness with reference to any part of the record that any agreement for extension of the particular indebtedness was ever made.

The appellee suggests in this case that the appeal is one for delay and requests an affirmance of the cause with 10 per cent. damages under the statute. We have gone to the record and statement of facts in this case, upon the matter of the sincerity of this appeal, and have concluded to affirm the case without the 10 per cent. damages requested.

We find no error in this record, and the judgment of the trial court is affirmed.

### On Motion for Rehearing.

[4] The appellant, Ellerd, in this cause complains that this court erred in failing to pass upon his first assignment of error, stating as one of his reasons that witness Walter Day, whose testimony was rejected by the trial court, would have testified, if permitted by the court, in substance that he had no absolute knowledge of the business relations existing between Winn and Campfield, "or that he knew in a general way that they were partners." In referring to the appellant's brief on this subject, and applicable to this assignment, the statement under the assignment is as follows: "The witness Walter Day testified that he had been acquainted with the witness E. E. Winn and the plaintiff Campfield for the past five years, and that he knew in a general way the business which the said E. E. Winn looked after for the plaintiff Campfield; that he did not remember any certain transaction, but knew in a general way. Upon objection by plaintiff's counsel, this testimony was by the court excluded from the jury. Defendant's Bill of Exception No. 3, Tr. pp. 35, 36."

The above statement in appellant's brief of the offered testimony of Walter Day is a correct reflection of defendant's bill of exception No. 3, referred to herein by appellant, and his bill of exception No. 3 has no reference whatever to any testimony of Day "that he knew in a general way that they were partners." The statement of the testimony in bill of exception No. 3, made by appellant in his original brief, and the bill of exceptions in the transcript sustaining it, present a character of testimony we thought was plainly inadmissible and that it was unnecessary to discuss it.

In re-reading appellant's brief especially applicable to this assignment, we do not find a single reference offered in the assignment, the proposition, the statement, or the "remarks," of any offered testimony of Walter Day "that he knew in a general way that they (Winn and Campfield) were partners." We find such a statement, in reading the record, in another and different bill of exceptions, which is not assigned; but we are not saying that we would consider such testimony would have effected a reversal of the case, but simply state that appellant has not complained that the court rejected such testimony, nor was it called to the attention of this court in any way, and defendant's bill of exception No. 3 supporting the assignment does not raise such a question.

The motion for rehearing is overruled.