### KANSAS CITY, M. & O. RY. CO. OF TEXAS v. OATES. (No. 540.)

(Court of Civil Appeals of Texas. El Paso. April 13, 1916. Rehearing Denied May 18, 1916.)

1. APPEAL AND ERROR ⚖➔1040(10)—REVIEW —HARMLESS ERROR.

In an action for the killing of a cow, where the petition generally averred negligence and recovery was based on the failure of the en-

gineer to maintain a proper lookout in approaching the crossing, defendant was not harmed by the overruling of its special exception complaining of the petition's failure to specify the negligence complained of, as the engineer was present and testified to the lookout maintained therefor under rule 62a (149 S. W. x), and the error must be disregarded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4098, 4105; Dec. Dig. ☞ 1040(10); Pleading, Cent. Dig. §§ 284, 400.]

2. APPEAL AND ERROR ☞934(2)—PRESUMPTIONS—SPECIAL VERDICT—SUFFICIENCY.

Under Rev. St. 1911, art. 1985, declaring that upon appeal or writ of error, an issue not submitted and not requested by a party shall be deemed as found by the court in such manner as to support the judgment, provided there be evidence to sustain such finding, the failure of the jury, in an action against a railroad company for the killing of a cow, to find that the failure of the engineer to keep a lookout was the proximate cause of the injury, is no ground for objection, where the evidence warranted the conclusion, for it will be presumed that the court so found.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3777; Dec. Dig. ☞934(2).]

3. APPEAL AND ERROR ☞1068(5)—HARMLESS ERROR—INSTRUCTIONS—REFUSAL.

In an action for the killing of a cow at a railroad crossing, where, in response to a special issue as to whether the engineer of the train used ordinary care on approaching the crossing, in looking out for any obstruction on or near the crossing, the jury found that the engineer did not use ordinary care, the refusal of a requested charge that the burden of proof was on plaintiff to show by a preponderance of the evidence that the employés of the railroad company were negligent in killing the cow was not error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4230; Dec. Dig. ☞1068(5); Trial, Cent. Dig. § 475.]

4. RAILROADS ☞447(3)—KILLING ANIMALS—INSTRUCTIONS—BURDEN OF PROOF.

A requested charge that the burden of proof was upon plaintiff by a preponderance of the evidence that the employés of the defendant railroad company were negligent in striking and killing his cow is incomplete, and may be refused for that reason.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1645; Dec. Dig. ☞447(3).]

5. APPEAL AND ERROR ☞216(2)—INSTRUCTIONS—REQUEST.

Where the case was submitted on special issues, a party desiring instructions defining the terms used must request such instructions, or he cannot complain of failure of the court to give them.

[Ed. Note.—For other cases, see Appeal and Error, Dec.Dig. ☞216(2); Trial, Cent. Dig. § 628.]

6. APPEAL AND ERROR ☞1070(2)—SPECIAL VERDICTS—ANSWERS.

In an action tried on special issues, the refusal of the court to strike an answer to an issue is no ground for reversal, though the answer was not responsive where it was immaterial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4232, 4233; Dec. Dig. ☞1070(2).]

7. TRIAL ☞352(1)—SPECIAL VERDICTS—SPECIAL ISSUES.

In an action tried on special issues, the refusal of a special issue which was on the weight of the evidence was argumentative, and was immaterial, was not error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 840; Dec. Dig. ☞352(1).]

8. EVIDENCE ☞18—JUDICIAL NOTICE—ATTORNEY'S FEE.

In an action for the killing of a cow begun in justice court, appealed to county court, and finally appealed to the Court of Civil Appeals, the court may take judicial notice that an award of $15 as attorney's fees was not excessive.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 22; Dec. Dig. ☞18.]

Appeal from Pecos County Court; Howell Johnson, Judge.

Action by J. S. Oates against the Kansas City, Mexico & Orient Railway Company of Texas begun in justice court and appealed to county court. From a judgment for plaintiff, defendant appeals. Affirmed.

H. S. Garrett, of San Angelo, and Williams & Jackson, of Ft. Stockton, for appellant. R. D. Blaydes, of Ft. Stockton, for appellee.

HIGGINS, J. This is an appeal from a judgment of the county court of Pecos county for $75 damages resulting from the death of a cow killed by one of appellant's trains and for an attorney's fee of $15. The case originated in the justice court. The case was tried before a jury and submitted upon special issues. Many issues, or rather evidentiary facts, were submitted and found, and in disposing of the appeal we will state such findings only as may be material to a proper consideration of the various assignments.

The animal was struck by a train running at a speed of about 30 miles an hour at an open private crossing in the inclosure and pasture of appellee. The right of way was fenced upon either side of the crossing. The crossing was put in for the benefit of appellee. The jury found: That the engineer did not exercise ordinary care in approaching the crossing, and did not use "ordinary care in looking out as to whether or not there was any obstruction on or near the crossing." That he had proper control of the train as it approached the crossing. That the cow was about 25 feet from the track when it was first discovered by the engineer, and he could have discovered it earlier by the use of ordinary care. He could have stopped his train in 400 yards. By the use of ordinary care, a person situated as was the engineer for one mile could have seen the cow on or near the crossing. The cow was about 80 yards from the track when she could have been first seen by the engineer. The engine was about 150 yards from the crossing when the cow was first discovered by the engineer. That the engineer was negligent at the time and place of injury to animal by his failure to keep a proper lookout.

[1] Plaintiff in his petition alleged in general terms the negligence of the defendant, and error is assigned to the action of the court in overruling a special exception complaining of the failure to particularly specify the negligence complained of. Under the findings of the jury recovery was properly allow-

ed, based upon the failure of the engineer to maintain a proper lookout in approaching the crossing. The engineer, whose duty it was to maintain the lookout, was present and testified, so the defendant was not deprived of a proper opportunity to meet the issue of negligence raised by the evidence. The erroneous action of the court in overruling the exception thus becomes harmless, and constitutes no ground for reversal. Rule 62a (149 S. W. x).

[2] The second and third assignments question the sufficiency of the evidence. They are overruled. The engineer had an open and unobstructed view for a mile before he reached the crossing, and the jury was warranted in finding that he failed to maintain a proper lookout. It is true there is no finding by the jury that the failure to maintain a proper lookout was the proximate cause of the injury, but under the evidence such conclusion is warranted, and in support of the judgment, it is to be presumed the court so found. Article 1985, R. S.

[3] Complaint is made of the refusal of a special instruction requested by defendant as follows:

"You are instructed that in this case the burden of proof is upon the plaintiff by a preponderance of the evidence that the employés of the defendant railway company were negligent in striking and killing the cow of plaintiff."

Ordinarily, the refusal of this charge would present reversible error, if a proper charge upon the burden of proof be not contained in the general charge. But in this case the issue with respect to maintaining a lookout by the engineer was submitted in this language:

"State whether or not the engineer of the train in question used ordinary care in approaching said crossing and ordinary care in looking out as to whether or not there was any obstruction on or near said crossing."

And the jury answered:

"He did not use ordinary care."

In view of the form in which the issue of negligence was thus submitted—i. e., whether ordinary care was used in maintaining a lookout—the requested charge as to the burden of proof of negligence would not have been of any practical value to the jury. An appropriate charge, as applied to the submitted issue, would have been that the burden of proof was upon plaintiff to show that defendant's employés failed to exercise ordinary care in maintaining a proper lookout for animals while approaching the crossing. There was no definition of negligence given. In view of the manner in which the issue of negligence was submitted in the instant case, the refusal of the requested charge is not regarded as reversible error.

[4] It may also be remarked that the charge, in its requested form, is incomplete. In the form requested, it does not convey a clear idea of its meaning, and this, alone, would justify its refusal.

[5] Error is also assigned to the failure of the court to define negligence and ordinary care. As stated, the case was submitted upon special issues. If appellant desired instruction given defining the terms indicated, it should have prepared and requested a proper charge. Not having done so, the failure of the court to define the same was not affirmative error, but one of omission and is not ground for reversal. Tel. Co. v. James, 31 Tex. Civ. App. 503, 73 S. W. 79; Ellerd v. Campfield, 161 S. W. 392.

[6] The eighth assignment complains of the refusal of the court to strike out a part of the jury's answer to issue No. 4. The answer was not responsive, but it does not affect the liability of defendant based upon the failure to maintain a proper lookout, and is immaterial. The error is harmless.

The answers of the jury to issues 7 and 8 are not contradictory, for which reason the ninth assignment is overruled.

[7] The court did not err in refusing to submit the charge or issue referred to in the fifth assignment. It was upon the weight of the evidence and argumentative. Furthermore, it presented an immaterial issue in view of the evidence that the engineer had an unobstructed view for more than a mile before reaching the crossing. Had he maintained a proper lookout, there would have been no occasion to use the emergency brake in order to avoid striking the cow.

[8] Judgment was rendered in favor of plaintiff for $15, which the jury found was a reasonable attorney's fee in the case. It is objected there was no evidence to show that $15 is a reasonable fee. There is no evidence of its reasonableness. The only evidence upon this phase of the case is the testimony of plaintiff that he had agreed to pay his attorney a fee of $15 in the case. We are of opinion that judicial knowledge might safely be taken of the fact—and the jury without affirmative evidence thereof might safely find —that $15 was a reasonable fee for the services of an attorney in representing plaintiff in this case before two trial courts and one appellate court.

Finding no reversible error, the judgment is affirmed.