FIRST NATIONAL BANK OF CROCKETT v. E. H. EAST ET AL.

Delivered November 11, 1897.

**1. Appeal—Cross-Assignments—Different Causes of Action.**

Defendants can not have a judgment for plaintiff upon his first cause of action reviewed by filing cross-assignments upon plaintiff's appeal from a judgment dismissing his second cause of action on defendants' plea of privilege.

**2. Jurisdiction—Joinder—Plea of Privilege.**

The jurisdiction of a district court over one of the causes of action set up by plaintiff does not confer jurisdiction as to another cause of action properly joined with the first cause, but as to which the defendants have the privilege of being sued in the county of their residence.

APPEAL from Houston. Tried below before Hon. J. R. BURNETT.

*Nunn & Nunn,* for appellant.—The defendant M. Harrold being a proper and necessary party to the suit, by reason of having signed the note with East, and the court having jurisdiction over him, and he also being the assignee of East, and this suit involving the rights of this creditor to satisfaction out of East's estate in the hands of the said M. Harrold, and this depending upon the issue raised by the pleadings of plaintiff, whereby it was alleged that M. Harrold had in his hands effects subject to plaintiff's demand, and plaintiff having served garnishment on M. Harrold requiring him to answer as to such effects, it was not necessary to send this case to some other court for the purpose of adjudicating the rights of the parties, and the sureties on M. Harrold's bond being interested in the result of this suit, and not to be bound except by making them parties thereto, they were properly joined, so that plaintiff might have a full and complete remedy upon an adjudication of all questions involved. Lovenberg v. Bank, 67 Texas, 448; Craddock v. Orland, 72 Texas, 36; Love v. Keowne, 58 Texas, 191; Finegan v. Read, 8 Texas Civ. App., 33; Blum v. Root, 2 Willson, C. C., sec. 98; Harris v. Musgrove, 59 Texas, 401; Birdwell v. Butler, 13 Texas, 338; Johnson v. Davis, 7 Texas, 173; Herring v. Williams, 31 Texas, 448; Walcott v. Hendricks, 6 Texas, 415; Railway v. Graves, 50 Texas, 202; Dobbin v. Bryan, 5 Texas, 284; Clegg v. Varnell, 18 Texas, 304; Moody v. Carroll, 71 Texas, 148; Middlebrook v. Bradley, 86 Texas, 706.

*Ross & Terrell* and *F. E. Dycus,* for appellees E. B. and M. Harrold.— The District Court of Houston County did not have jurisdiction over the defendants, E. B. Harrold, S. B. Burnett, W. Scott, and M. Harrold, in his capacity as assignee, in the face of their plea of privilege, because the subject matter of the suit was the alleged liability of E. H. East and M. Harrold in his individual capacity upon the note sued upon, and the plaintiff could not, by joining other pretended causes of action sounding in tort or contract, bring the other defendants before the court, and thereby defeat their statutory right of being sued in the county of their residence; nor could the plaintiff deprive the courts of Tarrant County

of their exclusive right under the law to fully control the administration of the estate of E. H. East, or impede the assignee in the administration of the estate in said county for the benefit of those creditors who had accepted under the assignment. Stewart v. Gordon, 65 Texas, 347; Frost v. Frost, 45 Texas, 341; Thomas v. Walsh, 44 Texas, 163; Moody v. Carroll, 71 Texas, 148; Blum v. Welborn, 58 Texas, 157; Fant v. Elsbury, 68 Texas, 7; Freeman v. Huechler, 45 Texas, 596; Masterson v. Cundiff, 58 Texas, 472; Rev. Stats. 1895, art. 1194; Cohen v. Wiman, 59 Texas, 236; Kinney v. McLeod, 9 Texas, 79; Craddock v. Orand, 72 Texas, 39; Floyd v. Gibbs, 34 S. W. Rep., 154; House v. Moody, 14 Fla., 59.

*R. M. Wynne,* for appellees Scott and Burnett.

PLEASANTS, ASSOCIATE JUSTICE.—The appellant instituted suit in the District Court of Houston County to recover of appellees, E. H. East and M. Harrold, an indebtedness of about $7000, appellant alleging in his petition that said debt was due primarily by appellee East, and that appellee M. Harrold was liable therefor as the surety of said East; that said indebtedness was evidenced by two certain promissory notes executed jointly by said appellees, and made payable to appellant in the town of Crockett, in the county of Houston; that one of the notes was past due, and that the other was not due. The plaintiff further alleged that, since the debt for which said notes were given was contracted by the said East, he had made an assignment of his property for the benefit of his creditors without preference to any; that the said Harrold was the assignee; that the said East fraudulently conveyed his property to said Harrold with the intent to defraud and hinder and delay his creditors; that the said Harrold qualified as assignee and gave bond, as by law required, and that W. Scott and S. B. Burnett were sureties on said bond; that the estate was being administered in Tarrant County, while the residence of said East was in Archer County; that the said East was not insolvent, nor was there any necessity for the assignment, and that same was made in furtherance of a conspiracy between the said East, M. Harrold, and one E. B. Harrold to place his property beyond the reach of the creditors of the said East, and to vest the title thereof in the said M. Harrold for the benefit of himself, the said E. B. Harrold, and the said East; that the value of the estate assigned, consisting of lands, cattle, and horses, exceeded $237,000, and that the debts found against the assignor amounted to about $2200; that said assignee had disposed of the horses and cattle, the same being about the value of $136,000, and that after allowing for all claims proved against said estate, and the costs of the administration, there should be in the hands of said receiver, subject to plaintiff's claim, about $60,000 or $70,000. Petitioner further charged waste by the assignee; alleged that, after qualifying as aforesaid, he had permitted the said East to take possession of and dispose of a large portion of said property at his pleasure; that said E. B. Harrold claimed to be a creditor

of said East to the amount of $31,000 or $32,000, and that he was assert-
ing a mortgage lien on cattle and on land to secure said debt; that said
E. B. Harrold and other large creditors had not proved their claims, but
that the said M. Harrold had sold cattle and applied the proceeds to
payment of the claims of said creditors, and that the said E. B. Harrold,
notwithstanding, was selling lands of great value. Plaintiff prayed for an
attachment to be levied upon lands of the said East, situated in Archer
County, and garnishment against M. Harrold, and that said East, who
resides in Archer County, and the said E. B. Harrold, M. Harrold, and
the said W. S. Scott and S. B. Burnett, all of whom reside in Tarrant
County, be made parties defendant, and upon final hearing it have judg-
ment for its debt against the said East and the said M. Harrold, and that
the said E. B. Harrold be enjoined from selling the lands of the said
East, and that plaintiff also have judgment against M. Harrold and his
sureties, the said Scott and the said Burnett, and that it also have all
other such orders and decrees as in equity and good conscience it might
be entitled to.

The defendants, E. B. Harrold, Scott, and Burnett, and also the de-
fendant M. Harrold, so far as the plaintiff sought relief against him as
assignee, pleaded to the jurisdiction of the court over their persons, and
claimed the privilege of being sued in the county of their residence. De-
fendants East and M. Harrold also answered to the merits of the suit, so
far as it sought to recover upon the notes, and they also moved to quash
levy of attachment writs.

Upon hearing and trial of the case, the pleas of privilege of the several
defendants were sustained, and they were dismissed from the suit with
their costs, to which judgment the plaintiff excepted; and the motion of
the defendants East and M. Harrold to quash and vacate the writs of at-
tachment sued out by plaintiff, together with the levy of the same upon
certain lands of said East described in the return of said writs by the
sheriff of Archer County, was refused, and to which judgment the de-
fendants, the said M. Harrold and East, excepted; and a jury being
waived, the court gave judgment for plaintiff on the notes sued on, and
decreed a foreclosure of the attachment lien on lands described in the
judgment, the property of East, and directed a sale of so much thereof as
might be necessary to satisfy such judgment, to which judgment both
plaintiff and defendants East and M. Harrold excepted, and gave notice
of appeal; but the plaintiff alone perfected an appeal to this court, and
has assigned errors only as to the action of the court in sustaining the
pleas of privilege of defendants E. B. Harrold, and Scott, and Burnett,
and M. Harrold, and in denying to the plaintiff in this suit any relief
under his garnishment as a nonconsenting creditor of the defendant East,
and in denying plaintiff also the right in the suit to have the said E. B.
Harrold enjoined from disposing of lands belonging to the said East.

In this state of the record, this court is of the opinion that the defend-
ants East and M. Harrold can not have the judgment rendered against

them on the notes declared on by plaintiff reviewed by this court, by simply filing cross-assignments here. Had the plaintiff appealed from the judgment rendered for it against them, they might have presented for revision here any part of the judgment of which they might complain, by cross-assignments. It is to be observed that plaintiff brought suit against these defendants on their joint promissory notes, to recover of them their indebtedness, and also to establish an attachment lien on lands of defendant East, upon the alleged ground that said lands had been fraudulently conveyed by East to M. Harrold; and plaintiff also sought relief by garnishment against M. Harrold and his sureties, as the assignee of East, plaintiff being a nonconsenting creditor of East. Upon plaintiff's first cause of action, judgment was rendered for it. Upon the plaintiff's second cause of action, the judgment of the court was for the defendants, upon their pleas of privilege, and from that judgment plaintiff appealed; but from the judgment rendered for plaintiff, neither plaintiff nor defendant have appealed, though notice of appeal was given by defendants. Railway v. Skinner, 4 Texas Civ. App., 660.

The contention of the appellant, that inasmuch as the court had acquired jurisdiction over defendant M. Harrold, by reason of his having executed with the defendant East the notes sued on, therefore the court had jurisdiction to hear and determine any other cause of action which plaintiff might have against him, and which might be properly joined with the action on the notes, is, we think, not tenable. It was solely by reason of the fact that the notes were made payable in Crockett that the plaintiff could sue either East or M. Harrold in Houston County. The authorities cited by appellant in support of its contention do not, we think, go to the extent of holding that, when a court acquires jurisdiction over the person of a defendant, for the purpose of hearing and determining one cause of action alleged against him, it may assume jurisdiction, notwithstanding his plea of privilege, over him for the purpose of deciding any other cause of action properly joined with that which authorized the plaintiff to sue the defendant in a county other than that of his residence. The basis of this contention is, that the policy of the law is to prevent a multiplicity of suits. But policy can not be permitted to defeat the obvious purpose of an express statute which secures a valuable privilege to parties defendant. The only case cited which speaks to the proposition contended for by appellant is that of Middlebrook v. Bradley, 86 Texas, 706, and that case seems to us to be sui generis; and we are not disposed to follow it one step further than we are compelled to do. In that case, the consideration of the note, which named no place for its payment, was a credit indorsed on one of the notes which were made payable in the county in which the suit was brought, so that in fact each of the notes may have been by the Supreme Court considered as a fractional part of the same debt.

It not being possible for us to consider the cross-assignments of defendants East and Harrold, and discovering no error in the judgment sustaining the several pleas of privilege filed by E. B. Harrold, W. Scott,

and S. B. Burnett, and of the defendant M. Harrold, in his capacity as assignee of the defendant East, and in dismissing plaintiff's suit as to them, the judgment is affirmed.

*Affirmed.*

Writ of error refused.