FLORENCE O. WILSON v. PECOS & NORTHERN TEXAS RAILWAY COMPANY.

Decided June 2, 1900.

1. **Venue—Action for Damages to Lands and Personalty—Multiplicity of Suits —Grass-Burning Case.**

Although the statute provides that actions for land or for damages thereto must be brought in the county where the land lies, yet, to avoid multiplicity of suits, an action for damages from a single tort, such as setting out a fire, causing an injury to the land (sod), and to personalty (grass) thereon, may be maintained for both kinds of damages in any county where the defendant could be sued for damages to the personalty. Revised Statutes, articles 1194, 1484, construed,

2. **Evidence Not Too Remote—Cause of Fire.**

In an action of damages from setting out a fire, where defendant had given evidence that its engines and spark-arresters were in good order and had been so ever since they were put on the road about from six to twelve months before the fire, rebutting evidence by plaintiff that a witness riding on one of defendant's trains five or six months before the fire had seen fire start up freshly in the grass along the right of way, was not too remote in point of time.

APPEAL from Randall. Tried below before Hon. H. H. WALLACE.

*Ira Webster* and *Plemmons & Veale,* for appellant.

*Browning & Madden,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was brought in the District Court of Randall County to recover damages from the appellee, a

domestic railroad corporation, for negligently setting fire to the grass in Randall County, which spread to and burned the grass, fence posts, and watering troughs, and injured the sod and turf on appellant's lands lying in Armstrong County, some twenty-five miles from appellee's railroad track where the fire started. It was alleged that appellee's railroad extended through Randall County, and that it had a local agent there. The amount of damages claimed was $1139.15, composed of the following items: Grass burned, of value $896; 61 fence posts, worth $9.15; watering tub, worth $10; injury to roots and turf of the grass, $224.

The appellee excepted to that part of the petition claiming damages to the turf and roots of the grass, upon the ground that such claim, being for damages to land lying in Armstrong County, suit thereon could not be brought in Randall County, but must be brought in the county where the land lies, which exception was sustained and the item stricken out. It also pleaded a general denial, and specially that, on the 14th day of March, 1899, the day the injury occurred, and immediately before and ever since that day, the defendant was operating its road with locomotives of the latest improved pattern, equipped with the best approved modern appliances and spark arresters, which prior thereto, at the time, and ever since, have been in good condition and repair, and that the engines prior thereto, at the time, and since were handled, managed, and operated with due care by competent, careful, and skillful engineers and firemen.

The case was tried by a jury, who found a verdict for the defendant company, and the plaintiff has appealed to this court, assigning for error the ruling of the court sustaining the special exception aforesaid, and that the charge of the court was erroneous, and also the exclusion of certain evidence.

We think the court erred in sustaining exceptions to the claim of $224 for damages to the turf and roots of the grass. These, it is true, must be considered as part of the land, and where the suit is for damages to the land alone it must be brought in the county where the land lies, because our statute on the venue of suits provides: "No person who is an inhabitant of this State shall be sued out of the county in which he has his domicile, except in the following cases, to wit: * * * 14. Suits for the recovery of lands or damages thereto, suits to remove incumbrances upon the title to land, suits to quiet the title to land, and suits to prevent or stay waste on lands, must be brought in the county where the land or a part thereof may lie." Rev. Stats., art. 1194. See Railway v. Jenkins, 29 S. W. Rep., 1113.

Section 23, however, of the same article provides: "Suits against any private corporation, association or joint stock company may be commenced in any county in which the cause of action or a part thereof arose, or in which such corporation, association, or company has an agency or representative, or in which its principal office is situated. And suits against a railroad corporation, or against any assignee, trustee, or receiver operating its railway, may also be brought in any county through

or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as provided for in article 1484." Section 27 of said article provides: "Whenever in any law authorizing or regulating any particular character of action the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

In this suit there are two characters of claims,—one for $233.15 for damages to the turf and roots of the grass and fence posts set in the land, which must be considered as part of the land, and the other for $906 for the destruction of a watering tub and the grass standing and growing on the land, which must now be considered as personal property. For the former claim, if standing alone, suit would have to be brought, under this article, in Armstrong County, where the land alleged to be injured lies, but for the latter, if disconnected from the former, suit might be brought in Randall County, through which the appellee's railroad extends or is operated.

We think there can be no doubt that if this suit had been brought in Armstrong County, where the damaged land is situated, the venue of the suit would have been well laid as to the whole cause of action. But this suit, brought in Randall County, raises a more difficult question. Undoubtedly the venue was well laid if only the damages for burning and destroying the watering tub and grass had been claimed. Knight v. Railway, 55 S. W. Rep., 558; Railway v. Horne, 69 Texas, 643.

In Clegg v. Varnell, 18 Texas, 304, Chief Justice Hemphill said: "Unnecessary litigation and multiplicity of suits should be avoided. While defendants are protected, plaintiffs must not be put to the necessity of bringing two suits instead of one. 3 Myl. & C., 85; 7 Sim., 241, 254. The rule against multiplicity of suits has peculiar force in our system of procedure. Within reasonable limits it is the cardinal principle as to joinder of parties and causes of action."

Middlebrook v. Manufacturing Company, 86 Texas, 706, was a case where the defendants were sued out of the county of their residence on three notes, two of them payable in the county where suit was brought, but the other one named no place of payment. The defendants pleaded their privilege to be sued in the county of their residence on the latter note, and the District Court sustained the plea. Chief Justice Stayton said, upon the question being certified to the Supreme Court: "Two of the notes being payable in the county in which action was brought, the suit was properly brought there, and in order to avoid multiplicity of suits it was proper to embrace in the same action the other note."

Foster v. Railway, 91 Texas, 631, was a case where Foster and Harrison owned a tract of land situated in Brazoria County, and the railroad company destroyed fruit trees on it of the value of $2320. Foster, claiming all the land and damages, brought suit for the damages in Austin County, through which defendant's railroad extended. The company, by answering without pleading its privilege, waived that right as to Foster. Foster amended, however, and alleged that Harrison was a half owner in the

land and damages, and Harrison intervened, setting up the same claim. The company pleaded its privilege against Harrison's intervention to be sued in Brazoria County, and the Court of Civil Appeals sustained the plea and gave judgment only in favor of Foster for his half of the damages, but our Supreme Court upon writ of error held, Justice Brown delivering the opinion that: "The effect of the ruling of the Court of Civil Appeals is to force Harrison to bring a separate suit in Brazoria County to litigate the identical matter in controversy between Foster and the railroad company, and in which he was equally interested with Foster. It is the policy of our law to avoid the multiplicity of suits, and not only to allow but to compel tenants in common to litigate in one action claims for damages to their real estate under circumstances like the present. The court had jurisdiction of the subject matter of the suit, that is, the damages to the tract of land, and it had jurisdiction of the person of the defendant in the suit between it and Foster, and the trial of that case involved every issue that could be raised between Harrison and the railroad company in a separate action. We can see no sound reason for requiring a separate action to be brought by Harrison in Brazoria County in direct violation of the fundamental principle which governs in such cases, that all tenants in common must be parties to the suit. No benefit can accrue to the defendant by such a course, but in fact its rights can be better protected by having all of the parties before the court in the one action than it is possible to do in several actions;" and the judgment of the Court of Civil Appeals was reversed.

The reasoning in this case, we think, applies to the question before us, though decided upon a different ground. But the Middlebrook case, supra, we think, lays down the principle which ought to govern us in deciding the question here involved. See also Dittman v. Iselt, 52 S. W. Rep., 96.

At common law, when land lying in one county was injured by an act done in another, the venue might be laid in either. 1 Chitty on Pleading, 299 ; Thayer v. Brooks, 17 Ohio, 489 ; Armendias v. Stillman, 54 Texas, 623, and cases there cited.

The venue being properly laid in Randall County for part of the claim, can we say then that the District Court in which the suit is so properly brought acquired jurisdiction of all the claims for damages of every character resulting to the plaintiff from the single act of negligence in starting the fire? The learned counsel have not cited us to any case in point, and we have cited above all that we have been able to find, and from those and the evident policy of our law we have concluded that the claim for the damages to the land may be joined in this suit with the claim for the value of the personal property destroyed, and that, consequently, the court erred in striking out such claim.

The question raised is not one of jurisdiction. District courts have jurisdiction in such cases given by the Constitution. It is only one of venue of the suit, of privilege, and it seems to us that when the plaintiff found a district court in which she could legally file her suit against the

defendant for any part of her claim, that court would have jurisdiction to give her full relief in damages for every character of injury she had sustained by reason of the tort committed by the defendant in negligently starting the fire, whether to her lands, goods, or person, or to all. We can see no good reason why the parties to this suit should be put to the expense, annoyance, and trouble of prosecuting or defending two suits, each in a different county, in order to settle the claims for damages growing out of the single act complained of, but many reasons why the whole injury to the plaintiff should be settled and adjudicated in one suit.

On the trial the appellant offered to prove by Jim Flores that, while he was riding on one of defendant's freight trains in October, 1898, about five or six months before the fire occurred, he saw fire start up freshly in the grass on the right of way, and saw no cause for it, as no one was there or thereabouts to start it. The purpose for which this evidence was offered was to rebut the defendant's evidence that its engines and spark arresters were in good order and had been in good order ever since they were put on the road, about from six to twelve months before the fire producing the damages complained of occurred.

The ground of objection to this evidence is not shown in the bill of exceptions, and this would have deprived the appellant of the right to have the ruling reviewed here, had not the district judge appended to the bill the grounds upon which he excluded the evidence, that is, "that the fire which the witness saw start up on the right of way occurred five months before the fire in question in this suit, and the undisputed evidence offered by the defendant showed that all of their engines had been improved or additional appliances added to their ashpans in the month of January, 1899, several months after the fire referred to, and, in the opinion of the court, the time was too remote."

We are of opinion that the evidence should have been admitted for the purpose for which it was offered. There was no evidence that the *spark arresters* had been repaired. The evidence as to them was that they and the engines were all new, none having been in service longer than one year, and that engine No. 11, which appellant contends caused the fire in question, was new and had only been in service about six months, and was in good repair in every respect. In view of the company's evidence, the occurrence was not too remote.

We consider it improper to comment on any of the evidence or on the weight of it, as these views will result in the reversal of the judgment and in a new trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*