FIRST NATIONAL BANK OF FLATONIA v. CAROLINE VALENTA ET AL.

Decided June 18, 1902.

**1.—Venue—Joinder of Actions—Multiplicity of Suits.**

In order to avoid a multiplicity of suits causes of action in favor of the same plaintiff against the same defendant in the same capacity may be joined so as to confer venue for a cause not otherwise suable in the county where the suit is brought, when one of such causes may be sued in that county.

**2.—Same—Fiduciary Capacity.**

A cause of action against a person in his individual capacity can not be joined with one against him in a fiduciary capacity.

**3.—Same—Debt and Tort.**

An action for debt and foreclosure of liens by a plaintiff against two parties, one of whom is sued in her capacity as surviving wife and against whom no judgment is sought in her individual capacity, can not be joined with an action of tort seeking to hold the wife liable in her individual capacity for the alleged fraudulent conversion of the proceeds of insurance policies on the life of her deceased husband.

Appeal from the District Court of Fayette. Tried below before Hon. L. W. Moore.

*Brown, Lane & Garwood,* for appellant.

*Robson & Duncan,* for appellees.

GARRETT, CHIEF JUSTICE.—This was an action of debt and foreclosure, as well as to subject to plaintiff's demand the proceeds of certain life insurance policies. It was brought in the District Court of Fayette County by the First National Bank of Flatonia against Albert Kubiana, who was alleged to be a resident of Fayette County, and Caroline Valenta, who was alleged to be a resident of the county of Lavaca. The petition alleged that on or about May 6, 1899, the defendant Albert Kubiana and John Valenta, since deceased, formed a copartnership under the firm name of J. Valenta & Co. for the purpose of conducting a cotton seed oil mill business at Flatonia, a town in Fayette County, and that the said John Valenta died about June 1, 1902, and left the said Caroline Valenta as his surviving wife. That during the continuance of such partnership the said firm of J. Valenta & Co. made, executed and delivered to plaintiff several notes described in its petition, for the aggregate sum of $34,281.70, principal and interest. Said petition alleges that plaintiff holds and owns liens on certain property of J. Valenta & Co., situated in Fayette County, Texas, given to secure the payment of said notes, and that J. Valenta deposited with and placed in possession of plaintiff at its office in Fayette County certain shares of stock of the Shiner Oil Mill Company, for the purpose of further securing the payment of said notes.

Plaintiff prayed for judgment against A. Kubiana, as the sole survivor of the firm of J. Valenta & Co., for the sum found to be due on

said notes, for judgment against both defendants, A. Kubiana and Caroline Valenta, foreclosing its lien on the property of J. Valenta & Co. upon which it held liens as aforesaid, for judgment against defendant Caroline Valenta foreclosing its lien on the shares of stock of the Shiner Oil Mill Company, placed with plaintiff by her deceased husband, J. Valenta, as aforesaid.

The petition further alleged that on the 1st of January, 1900, J. Valenta & Co. and both the members of said firm were insolvent, and that the property owned by all of them was insufficient to pay plaintiff's debt, and that they remained in such insolvent condition up to the date of the death of the said J. Valenta, and that while in such insolvent condition, which said conditions were known to both J. Valenta and his wife, defendant Caroline Valenta, he, the said J. Valenta, took possession of large sums of money, the funds of the firm of J. Valenta & Co., with the understanding and agreement with A. Kubiana, his partner, that the same was to be used in the payment of premiums on certain insurance policies which he was to cause to be issued upon his life for the use and benefit of the firm of J. Valenta & Co. in the payment of the debts due by said firm. That he did cause the three policies described in said petition to be issued on his life, and that he did pay the premiums due thereon, out of the funds of said firm of J. Valenta & Co. so obtained by him as aforesaid, but instead of causing said policies to be made payable to said firm, he, the said J. Valenta, acting with the knowledge and advice of his wife, the defendant Caroline Valenta, for the purpose of diverting the funds so taken and used in paying the premiums on said policies, and the proceeds which would arise from said policies, from the assets of the firm of J. Valenta & Co., and to fraudulently make it the property of the said Caroline Valenta, caused said policies to be made payable to the defendant Caroline Valenta. That the said Caroline Valenta collected the money due on said policies and is claiming the same as her own property, and refuses to pay the same or any portion thereof over to J. Valenta & Co., or to plaintiff. That said money arising from the collection of said policies is and was the property of J. Valenta & Co., and that since the death of the said J. Valenta the defendant A. Kubiana has assigned and transferred said proceeds to this plaintiff, it being, the sole and only creditor of the firm of J. Valenta & Co.

Plaintiff in its petition prays for judgment against the defendant Caroline Valenta for the proceeds of said policies which it alleges was the property and funds of J. Valenta & Co., and which was transferred to it by the said A. Kubiana to be applied as a payment on the debt due to it by J. Valenta & Co.

On the 12th day of November, 1902, the defendant A. Kubiana filed his original answer in said cause and confessed and asserted that the matters and things alleged in plaintiff's petition were in every way true, and prayed that the moneys collected by the defendant Caroline Valenta on said insurance policies be decreed to be partnership assets of the

firm of J. Valenta & Co., and that the judgment in said cause be so framed that it will require that such assets be first collected and applied as a payment upon the debt due plaintiff by J. Valenta & Co. before the real property belonging to said firm should be sold to satisfy said judgment.

On the 8th day of November, 1902, defendant Caroline Valenta filed her plea of personal privilege to be sued in the county of her residence, as to so much of plaintiff's cause as sought to recover a judgment against her individually.

Both the plaintiff and the defendant Kubiana resisted the defendant Caroline Valenta's plea of privilege. When the cause was called for trial it was admitted that the defendant Caroline Valenta resided in Lavaca County, and had resided in said county continuously since 1896, and that she had not during said time resided in Fayette County. The court sustained the plea of privilege and dismissed so much of the plaintiff's cause of action and the cross-bill of the defendant Kubiana as sought a recovery from the defendant Caroline Valenta of the money collected by her upon the insurance policies. Upon evidence the court rendered judgment in favor of plaintiff against both of the defendants upon the other issues.

In order to avoid a multiplicity of suits causes of action in favor of the same plaintiff against the same defendant in the same capacity may be joined so as to confer venue for a cause not otherwise suable in the county where the suit is brought, when one of such causes may be sued in that county. Thus, it has been held that in a suit upon a note made payable in a county other than the county of the defendant's residence, there may be joined another note not made payable in that county; or an open account; or other causes of action that may be joined with the cause that gives venue. McKaughan v. Kellet Mach. Co., 67 S. W. Rep., 908; Middlebrook v. Mfg. Co., 86 Texas, 706; Townes on Texas Pleading, 147, et seq.

When there are two or more distinct causes of action of such a nature as that they may be joined together in the same suit, venue as to one of them will confer venue as to the other causes. The right to sue Caroline Valenta in the District Court of Fayette County for the recovery of the money collected on the insurance policies depends upon the right to join such cause of action with the cause of action for the foreclosure of the liens by which the notes of the plaintiff against the firm of J. Valenta & Co. were secured. Venue of the suit as to Caroline Valenta was obtained in the cause of action against her in her capacity as the surviving wife of John Valenta to foreclose the vendor's lien of the notes given by John Valenta and Albert Kubiana for the land and improvements conveyed to them by the plaintiff and made payable at Flatonia in Fayette County, and to foreclose the lien upon the Shiner oil mill stock belonging to John Valenta and attached as security to other notes executed to the plaintiff by J. Valenta & Co., also payable at Flatonia, in Fayette County. To these causes of action in her ca-

pacity as the surviving wife of John Valenta she was a proper party, and venue was conferred as to her both by the fact that the notes were payable in Fayette County and that her codefendant Kubiana resided in said county. But with these causes of action against Albert Kubiana for a personal judgment and foreclosure and Caroline Valenta as the surviving wife of John Valenta to foreclose her interest as such in the property to which the liens attached and not to obtain any personal judgment against her, the plaintiff and her codefendant Kubiana, who turns against her and joins it, seek to join a personal action against Caroline Valenta for the conversion of the proceeds of certain insurance policies which it was alleged were made payable to her in fraud of the rights of Albert Kubiana and of the plaintiff as the sole creditor of the firm of J. Valenta & Co. A cause of action against a party in his individual capacity can not be joined with one against him in a fiduciary capacity. Thompson v. Bohannon, 38 Texas, 241; Townes on Texas Pleading, supra.

It is sought to join with causes of action for debt and foreclosure of liens by a plaintiff against two parties, one of whom is sued in her capacity as surviving wife and against whom no judgment is sought in her individual capacity, an action of tort by the plaintiff joined by one of the defendants, who becomes plaintiff by a cross-bill, against the other defendant, in her individual capacity for the alleged fraudulent conversion of the proceeds of insurance policies upon the life of the deceased husband of the remaining defendant. Such causes of action can not be joined. From the allegations of the petition setting out the several causes of action and the admitted facts as to the residence of the defendant Caroline Valenta, it appears that the District Court of Fayette County did not have jurisdiction over her person in the cause sought to be set up against her individually for the recovery of the proceeds of the insurance policies, and the court did not err in sustaining the plea of privilege. It is not necessary to inquire whether, under the facts alleged, a cause of action was shown against Caroline Valenta for the recovery of the money. The judgment of the court below will be affirmed.

*Affirmed.*