THEODORE KELLER CO. v. MANGUM.

(Court of Civil Appeals of Texas. El Paso. Nov. 20, 1913.)

1. APPEAL AND ERROR (§ 916*) — PRESUMPTIONS—ALLEGATIONS AS TO VENUE.

In determining, on appeal, the question whether a plea of privilege to be sued in the county of defendant's residence, was properly sustained, it will be presumed that the allegations of the petition which are material for the purposes of determining the proper venue of the action are true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3699–3705; Dec. Dig. § 916.*]

2. VENUE (§ 21*)—CONTRACTS—STATUTE.

Under Rev. St. 1895, art. 1194, providing that where a person has contracted in writing to perform an obligation in any particular county, suit may be brought against him either in such county or in the county of his domicile, a consignor of cotton, whose bill of lading with draft attached was taken up and the cotton received in H. county, could not, in the consignee's action to recover an overpayment, plead the privilege to be sued in T. county, where he resided.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

3. VENUE (§ 21*) — COMMISSION CONTRACT — FREIGHT CHARGES.

In such case, and to avoid a multiplicity of suits, the venue for the consignee's recovery of its overpayment of freight charges might also be laid in H. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. § 21.*]

Appeal from Harris County Court; Clark C. Wren, Judge.

Action by the Theodore Keller Company against E. L. Mangum. From the sustaining of a plea of privilege and the transferring of the cause to the county court of Taylor county, plaintiff appeals. Reversed and remanded.

A. R. & W. P. Hamblen, of Houston, for appellant. Cole, Wilson & Cole, of Houston, for appellee.

McKENZIE, J. This action was commenced in the county court of Harris county by the Theodore Keller Company against E. L. Mangum, to recover $214.58 alleged to be due. The following are, substantially, the allegations in the petition: "That said defendant is justly and truly indebted unto your petitioner in the sum of $214.58, and for cause says that your petitioner are cotton factors engaged in the business of buying and selling cotton on commission, and allege that on the 6th day of September, 1911, the said defendant shipped to your petitioner 25 bales of cotton, and drew a draft on petitioner payable at Houston, to which was attached the bill of lading for said cotton for the sum of $1,375, which said draft your petitioner paid; that the freight charges on said cotton amounted to the sum of $59.24, which your petitioner paid, and that the interest on said sum so advanced amounted to the sum of $20.89, your petitioner advancing to said defendant the sum of $55 per bale; that at the request of said defendant your petitioner held said cotton for instructions as to when to sell the same, and that before the said defendant authorized your petitioner to sell said cotton, the value of said cotton had declined to less than the amount advanced by petitioner to defendant, and upon your petitioner demanding of said defendant the margin to cover such decline, said defendant refused and failed to furnish said margin, and thereupon your petitioner sold said cotton, and received therefor the sum of $1,230.55, leaving a balance due your petitioner amounting to the sum of $214.58, with interest thereon from this date at the rate of 6 per cent, as shown by the itemized

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

statement hereto attached marked 'Exhibit A,' and made a part hereof, whereby the said defendant became liable, undertook and promised to pay unto your petitioner said sum $214.58, with interest as aforesaid, but to pay the same, or any part thereof, he has wholly failed. Wherefore your petitioner prays that said defendant be cited in terms of law to appear and answer this petition, and upon a hearing hereof petitioner have judgment against said defendant in such sum of money, interest, and costs, and for such other and further relief to which your petitioner may be entitled in law and equity." The itemized statement Exhibit A was sworn to, and an examination of it bears out the allegations of the items of indebtedness of the petition. The defendant interposed a plea of privilege to be sued in Taylor county. This plea was sustained by the trial court, and the case transferred to the county court of Taylor county.

The plaintiffs introduced in evidence the original draft, which shows to have been accepted and paid by them. The draft and indorsements thereon are as follows:

"Theo. Keller Co., Wholesale Grocers, Importers &. Cotton Factors, Houston, Texas. Trent, Texas, Sept. 1st, 1911. Pay to the order of First State Bank, Trent, Texas, $1375.00, Thirteen hundred seventy-five no/100 dollars. Charge to our account payable at Houston. [Signed] E. L. Mangum. To Theo Keller Co., Houston, Texas."

Indorsements:

"Sept. 6, 1911. Accepted payable at the First National Bank, Houston, Texas. Theo. Keller Co., by Alex Keller.

"First National Bank, Houston, Texas, Dec. 7, 1911. Paid."

It was admitted that at the time of trial and at the time of bringing the suit in the county court of Harris county that the defendant resided in Taylor county. It was proved by the defendant that the only writing evidencing a contract was the draft for $1,375 introduced in evidence by the plaintiff, as drawn on Theodore Keller Company, with bills of lading attached for 23 bales of cotton shipped.

[1] The single issue is: Did the trial court err in sustaining the plea of privilege? It will be presumed that the allegations of the petition which are material for the purpose of determining the proper venue of the action are true. Hoffman v. Association, 85 Tex. 409, 22 S. W. 154; Ry. Co. v. Short, 51 S. W. 261; Baldwin v. Richardson, 87 S. W. 353.

It is shown by the pleadings and evidence that the draft was for $1,375, interest amounted to $20.89, and the amount of freight paid was $59.24. The cotton, when sold, brought only $1,230.55, leaving an amount due as alleged.

[2] We are of the opinion that this case is analogous to Callender, Holder & Co. v. Short, 34 Tex. Civ. App. 364, 78 S. W. 366.

It was there held that bills of lading and drafts attached, sent by the consignor to the consignee through à bank, when on payment of the draft the consignee received the bills of lading, and upon presentation of the bills of lading to the carrier received the consignment in Harris county, pursuant to the terms of the bills of lading, constituted a written contract, as between the consignor and the consignee, to deliver the consignment in Harris county. If the consignee overpaid the consignor for the cotton bought under contract to be delivered in Harris county, a plea of privilege by the consignor, in an action for the overpayment brought in Harris county, where the cotton was delivered, to be sued in the county of the consignor's domicile is unavailing under R. S. 1895, art. 1194, providing that where a person has contracted in writing to perform an obligation in any particular county, suit may be brought against him either in such county or in the county where defendant has his domicile.

Of the alleged amount due, $144.45, was for overpayment on the draft, and $20.89, the accrued interest on this overpayment. The draft, by its terms was payable in Houston, and Houston is in Harris county. According to the authority just quoted, we hold that the contract, consisting of the draft and the bills of lading, was in writing, to be performed in Harris county, and as to the overpayment made on the draft, the venue of the suit is properly laid in Harris county, and to avoid a multiplicity of suits, it was proper to embrace in the suit the freight charges, which in this cause is alleged to be $59.24. Middlebrook & Brother v. David Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935.

[3] It is also our opinion that, since the contract is one in writing and performance is to be in Houston, the freight charges paid being by plaintiff necessary to the performance of the contract, the venue for the collection of such freight charges so paid would also be in Harris county. The trial court in our opinion erred in sustaining the plea of privilege. The cause will therefore be reversed and remanded for trial upon the merits.

Reversed and remanded.