## HEADINGTON AUTO CO. v. HOOD.
(No. 2239.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 26, 1920.)

1. ACTION ⊙⟳45(3)—ACTIONS FOR DISTINCT TORTS BETWEEN SAME PARTIES MAY BE JOINED.

Suits for damages arising from two distinct torts between the same parties may be joined.

2. MALICIOUS PROSECUTION ⊙⟳43—VENUE IN COUNTY WHERE ATTACHMENT WAS LEVIED HELD PROPER.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1830, subd. 8, authorizing suit for damages from malicious suing out of writ of attachment to be brought in any county where the levy was made, action for malicious prosecution and for maliciously suing out writ of attachment on an automobile in which plaintiff had a beneficial interest was properly brought in the county where levy was made, since, if the right to sue on one of the causes existed in that county, venue of the suit was properly there.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by J. C. Hood against the Headington Auto Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Muse & Muse, of Dallas, for appellant.
Clark & Sweeton, of Greenville, and W. B. Hamilton, of Dallas, for appellee.

LEVY, J. [1, 2] The question involved in the appeal is that of whether venue of the suit was in Dallas county, as claimed by the appellee. The trial court held, and we think correctly so, that the venue was in the district court of Hunt county.

The appellee's petition claimed damages for illegally and maliciously suing out a writ of attachment upon an automobile, and for malicious prosecution growing out of a false affidavit and warrant causing his arrest and imprisonment. Suits for damages arising

⊙⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

from two distinct torts by the same parties may be joined. ʿ Cody v. Lowry, 91 S. W. 1109; Railway Co. v. Griffin, 20 Tex. Civ. App. 91, 48 S. W. 542; Bank v. Valenta, 33 Tex. Civ. App. 108, 75 S. W. 1087. And if the right to sue upon one of the causes existed in Hunt county the venue of the suit was properly in that county. Article 1830, subdivision 8, authorizes a suit for damages to be brought "in any county where such levy was made." The proof shows the levy was in Hunt county and that the plaintiff, Hood, had a beneficial use and interest in the property.

The judgment is affirmed.