SHAFER v. BRASHEAR. (No. 7376.)

(Court of Civil Appeals of Texas. San Antonio. June 10, 1925.)

1. Pleading ⟊111—Evidence tending to establish or destroy claim on which suit is founded is immaterial on plea of privilege.

Evidence tending to establish or destroy claim on which suit is founded is immaterial on plea of privilege, and should not be received on the issue raised by the plea.

2. Venue ⟊16½—Trial court held to have jurisdiction of suit in county other than county of defendant's residence in view of rule against multiplicity of suits.

In view of rule against multiplicity of suits, trial court *held* to have jurisdiction of suit in Live Oak county, which was not the county of defendant's residence, where the suit was founded partly on a written contract to pay for work and material in Live Oak county, and partly on a verbal contract to pay for certain extra materials furnished, notwithstanding amount claimed owing on verbal promise was almost nine times larger than amount still owing on the contract.

Appeal from Live Oak County Court; E. L. Riser, Judge.

Action by Walter P. Shafer against Robert Brashear. From an order sustaining defendant's plea of privilege, plaintiff appeals. Reversed and remanded for trial on merits.

Hertzberg, Kercheville & Thomson, of San Antonio, and Alex F. Cox, of George West, for appellant.

T. H. Miller, of George West, for appellee.

FLY, C. J. Appellant sought to recover of appellee the sum of $33.21, a balance due on a written contract by which appellee bound himself to pay appellant the sum of $9,000 for supplying and installing certain plumbing and heating fixtures in the Live Oak county courthouse. All of the $9,000 was paid except $33.21. It was alleged that, in addition to the appliances contracted for in the written contract, appellee ordered additional fixtures and agreed to pay for them when the written contract had been fulfilled, and that said extras were worth $271.02, and that the total amount due by appellee to appellant was $304.23. Appellee filed his plea of privilege to be sued in Bowie county in which he resided. In a controverting affidavit appellant stated that the cause of action was based on a written contract to be performed in Live Oak county. The court heard the evidence, and sustained appellee's plea of privilege. From that order, this appeal was perfected.

It was agreed by the parties that the written contract provided for the payment of the $9,000 for the plumbing and heating fixtures in Live Oak county, that $33.21 was still due and unpaid on the written contract, and that in addition appellee agreed to pay the sum of $271.02 for extra work done by appellant, but had failed and refused to pay the $33.21 and the $271.02, the whole amounting to $304.23.

[1] There was but one issue before the court, that of the plea of privilege, and no testimony should have been allowed tending to establish or destroy the claim upon which the suit was founded, and none of the letters written by the parties as to the work and material was pertinent or proper, nor any of the other testimony as to the merits of the cause. The admission of the testimony served no useful purpose, but merely obscured the issue of venue.

[2] At least $33.21, the balance due on the written contract, was payable in Live Oak county, as is agreed to by appellee, and the $271.02 due on the extra labor performed by appellant grew out of and was a part of the original contract in that it owed its existence to that contract. The suit was founded on a claim partly due on a claim payable on a written promise to pay in Live Oak county, and partly due on a verbal contract for extras. A suit for the balance due on the written contract would be properly brought in Live Oak county, and appellee could not successfully claim the right to be sued in Bowie county, where he resided. The law requiring suits, except under certain circumstances, to be instituted in the county of the defendant's residence is done to prevent him from being forced into a court possibly inimical to him, and at least where there is no friendship or acquaintance existing, and the reason of the law fails where a part of a claim is due in another county than the residence of the defendant. He will be as much inconvenienced and handicapped on a part of the claim as on the whole, and a multiplicity of suits, which is discouraged in our practice, would be avoided. In the case of Middlebrook v. Bradley Mfg. Co., 86 Tex. 706, 26 S. W. 935, a defendant had been sued in Jackson county on three notes, two of them payable in that county by their terms, but not the third, and the Supreme Court held:

"Two of the notes being payable in the county in which action was brought, the suit was properly brought there, and in order to avoid multiplicity of suits it was proper to embrace in the same action the other note."

⟊For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

That rule is followed in Keller v. Mangum (Tex. Civ. App.) 161 S. W. 19; Beaumont Oil Mill Co. v. Hester (Tex. Civ. App.) 210 S. W. 702; Landa v. Ainsa Co. (Tex. Civ. App.) 231 S. W. 175. The court had jurisdiction of the whole claim.

The judgment is reversed, and the cause remanded for a trial on the merits.