**WARNER v. GOHLMAN, LESTER & CO., Inc.
(No. 8981.)**

Court of Civil Appeals of Texas. Galveston.
March 31, 1927.

Rehearing Denied Dec. 15, 1927.

1. Venue ⬅—7—Suing on note in H. county
held proper, where note was payable in H.
county (Rev. St. 1925, art. 1995, subd. 5).

Bringing suit on note in H. county, and over-
ruling defendant's plea of privilege under Rev.
St. 1925, art. 1995, subd. 5, to be sued in coun-
ty of his residence, *held* proper, where note was
made expressly payable in H. county.

2. Action ⬅—48(3)—To avoid multiplicity of
suits, action to surcharge account was prop-
erly embraced in suit on note given on ac-
count.

Where note was expressly made payable in
H. county, and action thereon was properly
brought there, to avoid multiplicity of suits, it
was proper to embrace in same suit a cause of
action to surcharge defendant's account as for
an amount omitted in striking balance for which
note was given.

3. Courts ⬅—121(4)—Amount of note in suit
with amount sought to surcharge defendant's
account held sufficient to give district court
jurisdiction.

Where note was expressly made payable in
H. county, and, to avoid multiplicity of suits,
it was proper to embrace in suit on note action
to surcharge defendant's account with amount
omitted in striking balance for which note was
given, although note was for less than $500,
the surcharge claim of $1,903.63 was sufficient
to give district court jurisdiction.

Appeal from District Court, Harris Coun-
ty; W. E. Monteith, Judge.

Action by Gohlman, Lester & Co., Inc.,
against Pat Warner. Defendant's plea of
privilege was overruled, and he appeals. Af-
firmed.

For opinion of Supreme Court answering
question certified, see 298 S. W. 890.

Baker, Botts, Parker & Garwood and Win-
ston Carter, all of Houston, for appellant.

Cole, Cole & O'Connor, and Robert L. Cole,
all of Houston, for appellee.

GRAVES, J. Appellant, a resident of La-
mar county, shipped his cotton during the
season of 1924–25 to appellee, a corporation,
a cotton factor at Houston, sometimes con-
temporaneously drawing drafts upon it for
the estimated value of the shipments. This
cotton was subsequently resold by the factor;
the proceeds being credited against the ad-
vance amounts so drawn by appellant on the
general account thus originating between the
two. On April 15, 1925, they balanced the
account as it then stood on appellee's books,
and appellant, being at that time $590.11 in
the red for the excess of these advances over
the proceeds from the sale of his cotton, gave
appellee his note for that amount, expressly
payable at Houston, in Harris county, five
months later. Thereupon the appellee gave
him the $590.11 credit for the note, carrying
it as a bill receivable against him, and there-
after the cotton transactions between them
continued as before. By December 1 of 1925,
when the account was finally closed, in sev-
eral different shipments, upon all of which
advancements by draft had been so drawn,
appellant had shipped and there had like-
wise been resold altogether an additional 149
bales, upon which he was entitled to a fur-
ther credit of $1,400.47. In the meantime,
however, on October 28, 1925, the appellee
discovered that appellant had, on October 11,
1924, in sending it a 22-bale shipment of cot-
ton, drawn a draft upon it for $3,304.10,
which it had paid March 13, 1925, a month
before the balancing of their accounts by the
giving of the $590.11 note on April 15, 1925,
but which because it had been abstracted
from its office by an unfaithful employee
had not been taken into account in making
that adjustment.

Alleging the matters thus recited as facts,
also that the $590.11 note had since been
reduced to a balance then due thereon of
$322.90, but that neither such balance nor
any part of the $3,304.10 draft had been
paid, the appellee, by this suit in the district
court of Harris county, sought to surcharge
appellant's account as of April 15, 1925, with
the omitted draft, after crediting thereon the
$1,400.47 due him on the 149 bales, and to
recover against him the resulting balance of
$1,903.63, as well as the $322.60 on the note.

Appellant filed a purely formal but proper
plea of privilege to be sued in Lamar county,
which the appellee controverted in an affida-
vit reiterating the stated substance of its
pleadings, and claiming the venue as laid un-
der subdivision 5 of R. S. art. 1995.

The trial court heard evidence on the ven-
ue issue thus raised, and overruled the plea;
the appeal challenges that action.

Appellant's contention is that no cause of
action properly laying the venue in the dis-
trict court of Harris county, as against his
right to be sued in his home county, was al-
leged and proven within the meaning of sub-
division 5 of article 1995, because the amount
sought on the note was below the jurisdiction
of that court, while the balance claimed up-
on the draft was a mere open account in no
part represented by a contract in writing
making performance there obligatory, and
the two items could not be tacked together
for jurisdictional purposes.

The appellee counters with several propo-
sitions, the gist of its answer, however, be-
ing this:

"The trial court did not err in overruling ap-
pellant's plea of privilege. While it is true that

the balance due on the note, payable in Harris county, was below the jurisdiction of the district court, the balance of the indebtedness sued for, to wit, $1,903.63, was clearly within the jurisdiction of the district court, and should be looked to as a part of the amount sued for for the purpose of determining the jurisdiction of that court. The fact that the balance due on the $3,304.10 omitted draft was not itself payable in writing in Harris county, Tex., does not affect the question, since, to prevent a multiplicity of suits, the suit on the note drew to the district court of Harris county venue over both items."

[1] Appellant's main supporting authorities are Altgelt v. Harris (Tex. Sup.) 11 S. W. 857; First National Bank of Crockett v. East (writ of error denied) 17 Tex. Civ. App. 176, 43 S. W. 558; Reeder & Lynch v. E. B. Hayes Machinery Co. (Tex. Civ. App.) 257 S. W. 947—while those of appellee are Middlebrook v. David Bradley Manufacturing Co., 86 Tex. 706, 26 S. W. 935; McKaughan v. Kellett-Chatham Mach. Co. (Tex. Civ. App.) 67 S. W. 908; Shafer v. Brashear (Tex. Civ. App.) 274 S. W. 229; First National Bank of Flatonia v. Valenta et al., 33 Tex. Civ. App. 108. 75 S. W. 1087; Wilson v. Pecos & N. T. Ry. Co., 23 Tex. Civ. App. 706, 58 S. W. 183; I. G. N. R. Co. v. Anderson County (Tex. Civ. App.) 150 S. W. 239, affirmed 106 Tex. 60, 156 S. W. 499; Theo. Keller Co. v. Mangum (Tex. Civ. App.) 161 S. W. 19; Beaumont Cotton Oil Mill Co. v. Hester (Tex. Civ. App.) 210 S. W. 702; Landa et al., v. F. S. Ainsa Co., Inc. (Tex. Civ. App.) 231 S. W. 175; Nolen v. Harding (Tex. Civ. App.) 235 S. W. 687.

After examining these two lines of cases, we conclude that the question has been foreclosed in appellee's favor from and since the Middlebrook Case, supra. While it seems to us somewhat illogical to override an express statute protecting a defendant against suits outside the county of his domicile, except in specifically enumerated instances, merely with a general policy of the law against a multiplicity of suits, as this court remarked in the Bank v. East Case, 17 Tex. Civ. App. 176, 43 S. W. 558, supra, that plainly appears to have been done in the holdings cited by the appellee here.

[2] If the fact that the different claims involved may have been regarded as fractional parts of the same debt in some of these cases be considered as having influenced the decision that they could be so joined without violation of the venue statute, that condition may be said to exist in this instance, we think. These charges all arose out of the general contractual relation between the parties of shipper and factor. The refunding of the balance existing in the latter's favor into the $590.11 note on April 15, 1925, did not in any sense amount to the payment or retirement of that much of his obligation, but in fact wrought a mere change in form; it being thereafter carried as a credit "by note," instead of on the debit side of the factor's books.

[3] The plea of privilege did not allege, nor did the proof received indicate, that any particular cotton thereafter to be shipped was looked to or pledged as a payment of this note. On the contrary, all the 149 bales subsequently shipped were contemporaneously drawn against for advancements, none of them being sent open, and no balance in appellant's favor appearing from any of them until the sale of the last lot late in 1925; so that, there being, prima facie at least, no agreement nor accomplished fact inhibiting it, no reason exists for not regarding the appellee in the position, upon bringing this suit, to apply the $1,400.47 credit balance due appellant on the 149 bales pro tanto on the omitted draft rather than on the note. This, under the averments, left the declared-upon balance of the note wholly outstanding, as well as the $1,903.63 on the draft, thereby satisfying as to amounts the jurisdictional requirement for the district court.

The collation of authorities made comprehends such full discussion of the venue question raised that no extension of it is indulged in. The judgment will be affirmed.

Affirmed.

### On Motion for Rehearing.

Pending disposition of the motion for rehearing, we certified to the Supreme Court the controlling question in this cause. That court, through a judgment adopting an opinion of the Commission of Appeals, filed here on December 12, 1927, has answered, in effect, that our original determination of the matter was correct. 298 S. W. 890. The motion will therefore be now overruled.

Overruled.